Case 4:20-cr-00522   Document 61   Filed on 02/01/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 01, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CASE NO. 4:20-CR-0522** |
| § | |
| **LEE E. PRICE, III,** § | |
| § | |
| **Defendant.** § | |

## SUPPLEMENTAL FINDINGS OF FACT

Pending before the Court is Defendant Lee E. Price, III's ("Defendant's") Request for Clarification and Expansion of Court Order. **(Instrument No. 53)**. The Court issues these supplemental findings of fact based on the Defendant's stated intent to appeal this ruling and to provide clarification regarding the Court's decision to deny the Defendant's requests for compassionate release and to be released pending trial. *See* (Instruments No. 42; No. 43; No. 51).

In this case, Defendant was charged with two counts of wire fraud in violation of 18 U.S.C. § 1343 and three counts of engaged in monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957. Defendant was arrested on August 4, 2020. On August 21, 2020, Defendant was granted pretrial release. (Instrument No. 20). At a bond hearing on August 26, 2020, Judge Sam Sheldon informed Defendant of his conditions of release. According to the terms, Defendant was to reside with his grandmother in Beaumont, where he would remain on house arrest pending trial. Defendant was directed not to commit any other crimes and not to communicate with any potential witnesses. He was also ordered not to have any contact with Rose Price or Clarence Comeaux ("Comeaux"). His communication with Raenette Jones ("Jones") was also limited to the care of their young child. When Defendant was

released from Joe Corley Detention Center, Defendant alleges that he was not given a written copy of his conditions of release. However, Defendant signed a copy of the Conditions of Release at the bond hearing. (Instrument No. 20). On August 27, 2020, Defendant was released from custody on bond.

Instead of complying with the terms of his bond, Defendant immediately violated his bond conditions by contacting two potential Government witnesses. Following his release, Defendant first went to Jones's house and discussed matters unrelated to their child, violating his bond conditions. After that, he called Comeaux, asked Comeaux to meet with him, and encouraged Comeaux not to appear for a scheduled meeting with investigators the following morning. That same night, Defendant went to a strip club with Sarah Hritz and had alcoholic drinks, also in violation of his order. On August 28, 2020, an arrest warrant was issued based upon these violations and on August 31, 2020, Defendant was arrested. *See* (Instrument No. 49 at 6). Since being incarcerated, Defendant continues to engage in behavior that is extremely suspect, including contacting potential witnesses.

The Court finds that the totality of the circumstances show that release is not appropriate. Under 18 U.S.C. § 3142(e), a defendant should be detained pending trial if a judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Judge Sheldon acted correctly to detain Defendant based on his numerous pretrial release violations. Defendant alleges that he was not handed a copy of his bond conditions prior to release and, on that basis, he should be released now. However, the evidence demonstrates that. Defendant was comprehensively informed of his bond conditions and the paperwork containing these conditions was readily available to him through his counsel. Defendant violated release terms of which he was clearly

informed and that he acknowledged in writing. Additionally, based upon the Defendant's behavior during the brief time he spent on bond, the Court believes that he is a flight risk. Based on the foregoing, the Court has no confidence that Defendant will abide by any conditions of release.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the  1st  day of February, 2021, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**